Date signed August 16, 2012



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| In Re: | | |
|---|---|---|
| James John Wolohan | Case No. | 10-13041-TJC |
| | Chapter | 7 |
| Debtor | | |
| Stacy Lynn Rolle | | |
| Plaintiff | | |
| vs. | Adversary No. | 11-00984 |
| James John Wolohan | | |
| Defendant | | |

**MEMORANDUM OF DECISION**

Stacy Lynn Rolle ("Plaintiff") brought this adversary proceeding against James John Wolohan ("Defendant") seeking a determination of dischargeability under 11 U.S.C. §523(a)(15). Plaintiff and Defendant are former spouses who are parties to a Separation Agreement which, as pertinent here, required Defendant to indemnify Plaintiff from various

1

obligations ("Indemnity Obligations").  The parties do not dispute that Indemnity Obligations are excepted from discharge under §523(a)(15).  Their dispute is over the scope of the Indemnity Obligations, and Plaintiff seeks, over Defendant's objection, a determination that certain expenses and obligations she has incurred are Indemnity Obligations.

Plaintiff filed a motion for summary judgment on May 16, 2012, and Defendant filed his opposition on May 31, 2012.  The Court held a hearing on July 12, 2012, and granted partial summary judgment in favor of the Plaintiff by order entered on July 17, 2012, and deferred ruling on several issues pending further briefing and submissions by the parties.  The parties have now submitted supplemental briefs and Plaintiff has submitted attorney's fee statements in support of her fee requests.  The Court determines that no further hearing is necessary to resolve the Plaintiff's motion for summary judgment.

The parties entered into an Amended Marital Separation Agreement on October 6, 2008, which incorporated the previously signed Marital Separation Agreement dated March 20, 2007 (collectively referred as "Separation Agreement").  Paragraph XI.E of the Separation Agreement contains an indemnification and hold harmless provision (Indemnity Obligations) in favor of Plaintiff, which related to a business known as Windsor Design and Build, Inc. ("Windsor") owned by the Plaintiff and Defendant.  Paragraph XI.E describes the Indemnity Obligation as follows:

> E. Windsor Design-Build: Husband and Wife have an interest in the business known as Windsor Design-Build, Inc., located at 15744 Crabbs Branch Way, Suite 200, Rockville, Maryland 20855. Wife hereby transfers and/or assigns all of her right, title and interest in Windsor Design-Build, Inc. to Husband and agrees to execute all documents necessary, if any, to effectuate the transfer of her interest in Windsor Design-Build, Inc. to Husband. Husband shall retain all of his interest in Windsor Design-Build, Inc., and any and all assets associated therewith, as his sole and separate property and Wife waives any and all assets associated therewith, as his sole and separate property and Wife waives

>any and all interest, right or title thereto. Wife shall have no liability with regard to Windsor Design-Build, Inc. and Husband shall keep Wife free, harmless, defended and indemnified from and against any and all debts, charges, obligations, and liabilities associated therewith.

Docket No. 14, Ex. A (¶XI.E). Moreover the Separation Agreement contains the following provision for attorney's fees:

>Each party is waiving counsel fees except in any modification or enforcement proceeding and other than is provided for in the terms of this agreement in the event a Trustee needs to be appointed.

>If at any time either party defaults in fulfilling his or her obligations under this agreement the defaulting party shall be liable to the other for the attorney's fees and expenses reasonably incurred by the non defaulting party whether by litigation or otherwise in enforcing this agreement.

Docket No. 14, Ex. A (¶XVII).

Prior to the petition, Barrons Enterprises, Inc. ("Barrons") obtained a judgment against Plaintiff based on a guaranty that Plaintiff gave in connection with the Windsor. Once Barrons sought to enforce its judgment against Plaintiff, she filed for chapter 7 bankruptcy relief, Case No. 11-14337. Plaintiff's judgment obligation to Barrons was discharged in her chapter 7 case. Accordingly, since Plaintiff has no further obligation to pay Barrons, Defendant has no obligation to indemnify Plaintiff for the amount of the judgment.

Plaintiff, however, contends that she incurred a number of expenses or obligations that she would not have incurred "but for" Defendant's failure to indemnify her for the Barrons' lawsuit and judgment, and seeks a judgment against Defendant for these amounts as excepted from discharge. These expenses and obligations are: (1) legal fees and costs Plaintiff incurred in defending the Barrons' lawsuit; (2) legal fees Plaintiff incurred in bringing this adversary proceeding against Defendant seeking a determination of dischargeability; (3) legal fees and costs Plaintiff incurred in defending a fraudulent conveyance adversary proceeding brought

against her by the chapter 7 trustee and the amount Plaintiff must pay the chapter 7 trustee in the settlement of that action; and (4) legal fees and costs Plaintiff incurred in filing her bankruptcy case.

Plaintiff seeks to charge Defendant with these expenses and obligations, and seeks an order excepting them from discharge, on three theories as applied variously to the items.  First, the fees and obligations are "debts, charges, obligations, and liabilities associated [Windsor Design-Build, Inc.]" and therefore are Indemnity Obligations.  Second, the legal fees are reimbursable under ¶XVII of the Separation Agreement.  Third, the fees and the settlement payment are damages resulting from Defendant's breach of his obligation to indemnify Plaintiff.

*Legal Fees Incurred in Defending the Barrons' Lawsuit*.

At the hearing on July 12, the Court concluded for reasons stated there that that the legal fees incurred by Plaintiff in defending the Barrons' lawsuit were "associated [with]" an obligation of Windsor and therefore were subject to indemnification under the express terms of the Separation Agreement.[1]  The Court gave Plaintiff fourteen days to file her statement of fees and expenses.  Plaintiff has done so.  The fees and expenses are reasonable and will be allowed. Accordingly, the Court will enter an order granting Plaintiff a judgment against Defendant in the amount of $12,000 for fees and $35.90 for expenses, and providing that these amounts are excepted from discharge under §523(a)(15).

*Legal Fees Incurred in Seeking a Determination of Nondischargeability*.

At the July 12 hearing, the Court also concluded for reasons stated there that the legal fees incurred by Plaintiff in seeking a determination of nondischargeability were incurred in enforcing the Separation Agreement against a defaulting party as provided in Paragraph XVII.

---

[1] The Court will not repeat here its conclusions that led to this determination, but will rely on the record at the hearing.

*See supra* n.1.  The Court gave Plaintiff fourteen days to file her statement of fees and expenses incurred in bringing this adversary proceeding.  Plaintiff has done so.  The fees are reasonable and will be allowed.  Accordingly, the Court will enter an order granting Plaintiff a judgment against Defendant in the amount of $4,987.50, and providing that this amount is excepted from discharge under §523(a)(15).

*Legal Fees and the Payment for Settlement of the Fraudulent Conveyance Action.*

On November 11, 2011, the chapter 7 trustee in Plaintiff's bankruptcy case brought an adversary proceeding against Plaintiff and her current husband claiming that an $87,000 transfer from the Plaintiff to her spouse should be avoided as a fraudulent transfer.  Adv. Proc. No. 11-00897.  The parties in that adversary proceeding recently agreed to settle it, and the chapter 7 trustee has filed a motion seeking its approval.  The settlement requires Plaintiff to make a settlement payment to the trustee.

Here, Plaintiff contends that Defendant must indemnify her under the terms of the Separation Agreement for the legal fees she incurred in defending that adversary proceeding and the amount she agreed to pay in settlement of it.  She contends that, had Defendant indemnified her for the Barron's claim, she would not have filed for bankruptcy and the chapter 7 trustee could not have brought the fraudulent transfer adversary proceeding.

It is apparent that, on the record before the Court, that there is no genuine issue as to any material fact.  *See In re French*, 499 F. 3d 345, 351-352 (4th Cir. 2007).  However, the undisputed facts do not support a finding that Plaintiff is entitled to judgment as a matter of law.  *Id.*  The Court finds that the attorney fees for defending the fraudulent conveyance action and the settlement payment are not "associated [with]" the Windsor liability as provided in ¶XI.E of the Separation Agreement.  These fees and the payment have nothing to do with Windsor or the

Barrons' lawsuit against Plaintiff. Accordingly, they are not Indeminity Obligations. The Court further concludes that these fees and the settlement payment plainly are not incurred in enforcing the Separation Agreement and are therefore not recoverable under ¶XVII.

Finally, the Court concludes that these fees and the settlement payment are not recoverable damages for Defendant's breach of the Separation Agreement. To recover damages, the Plaintiff must prove that (1) the losses were proximately caused by the breach; (2) the losses were reasonably foreseeable; and (3) the losses have been proven with reasonable certainty. *Impala Platinum, Ltd. v. Impala Sales, Inc.,* 389 A.2d 887 (Md. 1978). As to whether the damages were reasonably foreseeable, Maryland follows the two-part principle established in *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1845), which states:

> When two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it. Now if the special circumstances under which the contract was actually made were communicated by the plaintiff to the defendant, and thus known to both parties, the damage resulting from the breach of such contract which they would reasonably contemplate would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated.

*Id.*

Here, the allegations in the trustee's complaint were based on Plaintiff's alleged transfer of funds to her spouse. The fees she incurred in defending the allegations and the settlement payment were incurred as a result of Plaintiff's actions, not Defendant's. Even if she filed for bankruptcy protection only because of Defendant's default, *see infra*, defending a fraudulent

transfer action could not "have been in the contemplation of both parties at the time they made the contract" or could not "fairly and reasonably be considered" as arising from the breach. *Id*.

Accordingly, the Court will enter an order denying summary judgment to Plaintiff as a matter of law. Moreover, because on the undisputed facts it is apparent that summary judgment is appropriate for Defendant on this point, the Court will enter summary judgment for Defendant, dismissing Plaintiff's claims for the legal fees she incurred in defending the fraudulent conveyance adversary proceeding and the amount she agreed to pay in settlement of it. *See Calvert v. West Virginia Legal Services Plan*, *Inc.*, 464 F.Supp. 789, 791 (S.D.W.Va. 1979) ("[S]ummary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56 if it appears from the papers, affidavits, and other proofs submitted by the parties that there are no disputed issues of material fact and that judgment for the non-moving party would be appropriate as a matter of law.").

*Legal Fees Incurred in Filing Plaintiff's Bankruptcy Case.*

Plaintiff contends that she filed bankruptcy in an effort to avoid having her wages garnished by Barrons after it obtained the judgment against her. Plaintiff further argues that Defendant had an affirmative obligation under the Separation Agreement to pay the judgment debt and, due to his failure to indemnify her, she had no other option other than to file bankruptcy. Defendant argues that Plaintiff did not need to file chapter 7 and had other avenues for protecting herself or seeking indemnification from Defendant.

In their post-hearing filings, the parties agree that the standard this Court should apply is that "costs associated with filing bankruptcy are recoverable when bankruptcy was the only avenue available to the aggrieved party." *See Montgomery Village v. Mark*, 620 A.2d 975, 979 (Md. App. 1993). However it is apparent that, on the record before the Court, it cannot

determine that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law on this point. *See In re French* at 351-352. The parties only arrived at this standard in the post-hearing briefs, and each party points to various financial indicia from Plaintiff's schedules and other documents in her bankruptcy case. But these references do not demonstrate the absence of any genuine issue of material fact, and therefore summary judgment is not proper and must be denied. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Nor is summary judgment appropriate for Defendant on this point on the record as now before the Court in this adversary proceeding.

Accordingly, the Court will deny summary judgment on the issue of whether the fees and costs incurred by Plaintiff in filing bankruptcy should be charged to Defendant and excepted from discharge. In doing so, the Court notes that the fees and costs are a modest amount and anticipates that the parties can resolve this final issue. In the absence of a resolution, the Court will hold a trial on the matter.

*Conclusion*

The Court shall enter a separate order consistent with this Memorandum.


cc:   Plaintiff
      Plaintiff's Counsel
      Defendant
      Defendant's Counsel

**END OF MEMORANDUM**